UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH WAYNE LEWIS**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN ANDREW RUYMANN, et al.**,<br><br>Defendants. | Civil Action No.  20-18548 (FLW)<br><br><br>**MEMORANDUM OPINION** |

Plaintiff Kenneth Wayne Lewis, a federal prisoner incarcerated at Fort Dix FCI, is proceeding *pro se* with a Complaint and appears to allege violations of 5 U.S.C. § 552(a), the Privacy Act, and 18 U.S.C. § 1001, a criminal statute.  Plaintiff also appears to seek mandamus relief.  See ECF No. 1.  At this time, the Court will grant Plaintiff's IFP application.[1]  ECF Nos. 1, 3.  For the reasons stated in this Memorandum Opinion, the Court will deny mandamus relief and dismiss with prejudice the Privacy Act and 18 U.S.C. § 1001 claims against John Andrew Ruymann ("Defendant Ruymann") and the Honorable Robert J. Kugler ("Judge Kugler").

By way of background, in February 2014, Plaintiff was found guilty by a jury on a fifteen-count indictment (Counts 1-4 wire fraud; Counts 5-15 money laundering) in the United States District Court for the Central District of Illinois, United States v. Lewis, Crim. No. 12-10082.  *See Lewis v. Sessions*, 2017 WL 3531477, at *1 (D.N.J. Aug. 17, 2017).  In June 2014, Plaintiff received a 151-month sentence on the wire fraud convictions and a 120-month sentence on the money laundering convictions to be served consecutively to each other for a total of 271

---

[1] The Court notes that Plaintiff's IFP application is for the wrong period and is not certified.  The Court will grant the IFP application despite these deficiencies, but notes that Plaintiff must comply with the statutory requirements in any future filings.

Case 3:20-cv-18548-FLW-LHG   Document 10   Filed 07/29/21   Page 2 of 6 PageID: 32

months imprisonment. *Id.* On appeal, the United States Court of Appeals for the Seventh Circuit vacated the convictions for money laundering and remanded to the district court for resentencing on the wire fraud convictions. *Id.* An amended judgment was entered on August 22, 2016, and Plaintiff was resentenced to 135 months imprisonment on the four wire fraud count convictions. *Id.*

Plaintiff is serving his federal sentence at Fort Dix FCI, and is a frequent filer in this District, and has unsuccessfully sought to challenge his federal conviction and sentence through civil litigation, including habeas petitions pursuant to 28 U.S.C. § 2241, as well as Privacy Act and 18 U.S.C. § 1001 claims. *E.g.*, Lewis v. Lynch, Civ. Act. No. 16-7528; Lewis v. Lewis, Civ. Act. No. 17-330; Lewis v. Sessions, Civ. Act. No. 17-3668; Lewis v. Sessions, Civ. Act. No. 17-4240; Lewis v. Federal Bureau of Prisons, Civ. Act. No. 18-13393; Lewis v. The Zoll Medical Corp., Civ. Act. No. 19-19231; Lewis v. State of New Jersey, Civ. Act. No. 19-20490. The majority of Plaintiff's cases have been adjudicated by Judge Kugler in the Camden Vicinage. *See id.*

This matter was initially filed in the Eastern District of Pennsylvania and was transferred to this District on December 1, 2020, and assigned to Judge Kugler. ECF Nos. 5-6. On July 16, 2021, this matter was transferred to the undersigned because the Complaint appears to contain allegations against Judge Kugler in addition to the allegations against Defendant Ruymann.[2] ECF No. 9.

---

[2] The pleading in this matter appears to refer to a prior case before Judge Kugler, Lewis v. State of New Jersey, Civ. Act. No. 19-20490, which raised Privacy Act claims against various state defendants and was dismissed at screening pursuant to the Court's screening authority. *See id.* at ECF No. 9. The Court does not construe Plaintiff to raise Privacy Act claims against these individuals and entities in this action. Indeed, if the Court were to construe such Privacy Act claims, the claims would be dismissed for the same reasons they were dismissed by Judge Kugler in the prior action.

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege a "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe pro se pleadings, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).[4]

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

[4] In addition to these pleading rules, a complaint must also comply with Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint contains few facts, refers to other proceedings and lawsuits without context, and is replete with legal jargon. Although the Complaint is difficult to construe, Plaintiff appears to sue Defendant Ruymann and Judge Kugler for violations of the Privacy Act and violations of 18 U.S.C. § 1001, a criminal statute.

"The Privacy Act 'governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records.'" *Kates v. King*, 487 F. App'x. 704, 706 (3d Cir. 2012) (citing *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1304–05 (11th Cir. 2004)). The Act provides that "[w]henever any agency" fails to comply with any provision of the statute, "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1). The Act does not authorize suit against individual employees of an agency. *Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012) (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006)).[5] Because the Privacy Act does not authorize suits against individual employees of an agency, the Court will dismiss with prejudice the Privacy Act claims against Defendant Ruymann and Judge Kugler because neither is subject to suit under the Act.

Plaintiff also appears to allege that Defendant Ruymann has violated 18 U.S.C. § 1001, and/or has evidence showing that Judge Kugler has violated 18 U.S.C. § 1001. That statute criminalizes false or fraudulent statements and representations in any matter within the jurisdiction of the executive, legislative, or judicial branches of the United States Government. *See id.* Plaintiff, however, "cannot bring any type of criminal claim against [any defendants], as

---

[5] Under the Privacy Act, an agency "'includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency.'" *Banda v. Camden Cty. Bd. of Chosen Freeholders*, No. 17-5475, 2009 WL 1561442, at *2 (D.N.J. May 29, 2009) (quoting 5 U.S.C. § 552(f)(1)).

private persons do not have a 'judicially cognizable interest in the prosecution ... of another.'" *Kent v. Vinceguerra*, 477 F. App'x. 6, 8 (3d Cir. 2012) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Thus, to the extent Plaintiff is attempting to prosecute claims under 18 U.S.C. § 1001 against Defendants Ruymann and/or Judge Kugler, those claims are dismissed with prejudice.

Furthermore, to the extent Plaintiff is seeking to compel Defendant Ruymann to prosecute other individuals, including Judge Kugler, that request for mandamus relief is denied. The DOJ's decision to prosecute or not prosecute an individual is within its discretion; thus, the DOJ cannot be compelled under 28 U.S.C. § 1361 to prosecute the alleged offenders. *See Lichtman v. U.S.*, 316 F. App'x. 116, 119 (3d Cir. 2008) (citing *Inmates of Attica Corr. Facility v. Rockefell*er, 477 F.2d 375, 379 (2d Cir. 1973) (stating that "federal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made.")).

In this regard, the Court notes that Plaintiff's conclusory allegation that Defendant Ruymann is in possession of evidence showing that Judge Kugler violated the Privacy Act and 18 U.S.C. § 1001 appears baseless, and he fails to provide any well-pleaded facts showing that Judge Kugler committed any misconduct, let alone criminal conduct. Instead, Plaintiff appears to be disgruntled that Judge Kugler has dismissed his lawsuits and habeas petitions.[6] Judge Kugler, however, is plainly entitled to absolute judicial immunity for his judicial acts, including

---

[6] Although it is not clear, Plaintiff may be attempting to frame his claims against Judge Kugler as access to the courts and due process violations, but Judge Kugler would also be entitled to absolute immunity on such constitutional claims, as they are premised on Judge Kugler's dismissal of Plaintiff's lawsuits and habeas petitions.

the dismissal of Plaintiff's lawsuits and habeas petitions. *See, e.g.*, *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (judges acting in the performance of their duties are absolutely immune from suit, and will be subject to liability only when they act "in the clear absence of all jurisdiction"); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is extremely broad. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted). Thus, Plaintiff's claims against Judge Kugler are also subject to dismissal on the basis of judicial immunity.[7]

The Court denies Plaintiff leave to amend the instant Complaint with respect to his Privacy Act and 18 U.S.C. § 1001 claims against Defendant Ruymann and Judge Kugler, as any such amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). For the same reason, leave to amend is also denied as to the mandamus claim directed at Defendant Ruymann, and all claims arising from Judge Kugler's judicial acts within his jurisdiction, for which he is absolutely immune.

For the reasons explained in this Memorandum Opinion, the Complaint is dismissed in its entirety at screening pursuant to the Court's screening authority under 1915(e)(2)(B). An appropriate order follows.

DATED: July 29, 2021

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[7] In his Complaint, Plaintiff also mentions Judge James E. Shadid, the District Judge who presided over Plaintiff's criminal case in the Central District of Illinois. The Court does not construe any claims against Judge Shadid in this action, but notes that he too would be entitled to judicial immunity for all judicial acts within his jurisdiction, even erroneous ones.